| | |
|---|---|
| MONZELLA MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the motion for attorney's fees filed by plaintiff's counsel, Charlotte W. Hall, pursuant to 42 U.S.C. § 406(b)(1). Defendant did not respond to the motion. In this posture the matter is ripe for ruling.

## BACKGROUND

In the underlying litigation, plaintiff challenged defendant's final decision denying her application for disability benefits. Plaintiff filed a complaint on July 13, 2012, and defendant answered. Plaintiff filed a motion for judgment on the pleadings accompanied by a memorandum of law in support thereof. Subsequently, upon consent motion to remand, the court ordered that the case be remanded back to defendant for further proceedings. On January 22, 2013, the court awarded plaintiff $ 4,294.62 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

On December 31, 2013, defendant issued a fully favorable decision approving plaintiff's application for disability benefits. On April 8, 2014, plaintiff's counsel filed her motion for attorney's fees under 42 U.S.C. § 406(b), seeking to recover, as an attorney fee, less than 25 percent of the total benefits awarded, or $9,301.99. In support of her motion for attorney's fees, counsel

attaches the benefits award, as well as the fee agreement in this case. Defendant has not responded to the motion for attorney's fees.

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808). In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808 (quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the

2

attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.").

In this case, the court finds the fee reasonable based on consideration of all these factors. The fee is in line with the contingency-fee character of the representation and the results achieved, where counsel achieved a successful remand resulting in an award of benefits for plaintiff. Counsel did not delay during the pendency of the case in court, and no continuances were requested. The record evidences significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both real issues of material fact and required legal research. In addition, counsel evidences efficient handling of this case through experience in representing clients in other social security cases.

In sum, the court finds reasonable the $9,301.99 fees requested in this case. Accordingly, plaintiff's counsel will be awarded fees in this amount where they fall under the statutory maximum of 25 % of the total benefits awarded, pursuant to 42 U.S.C. § 406(b). Where counsel was awarded prior EAJA fees, counsel will be required to "refund[] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 807.

3

Case 5:12-cv-00433-FL   Document 33   Filed 05/02/14   Page 3 of 4

## CONCLUSION

For the foregoing reasons, plaintiff's counsel's motion for approval of attorney's fees is ALLOWED in the full amount requested of $9,301.99. Defendant shall release to plaintiff's counsel the sum of $9,301.99 as attorney's fees for services rendered before this court. Counsel shall refund to plaintiff $4,294.62, the amount awarded pursuant to EAJA.

SO ORDERED, this the 1st day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge